UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD KEOSEIAN,

                                  Plaintiff,                07 CV 10679 (JK)

- against -

WOLFGANG HEIMERL and HEIMERL LAW FIRM,      **ANSWER**

                                  Defendants.
------------------------------------------------------------------X

        Defendants Heimerl Law Firm and Wolfgang Heimerl, Esq., by their attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to Plaintiff's Complaint, allege as follows:

### FIRST CAUSE OF ACTION

1.     Deny the allegations of paragraph 1, except admit that the Heimerl Law Firm maintains an office for the practice of law at the listed address in New Jersey.

2.     Admit the allegations of paragraph 2.

3.     Deny having knowledge or information sufficient to form a belief with respect to the allegations of paragraph 3.

4.     Deny the allegations of paragraph 4, and refer to the pleadings in the underlying litigation for the allegations asserted therein.

5.     Deny the allegations of paragraph 5.

6.     Deny the allegations of paragraph 6, except admit that Plaintiff retained an expert witness in the underlying litigation to testify with respect to his alleged damages.

7. Deny the allegations of paragraph 7, and refer to the pleadings in the underlying litigation for the allegations asserted therein.

8. Deny having knowledge or information sufficient to form a belief with respect to the allegations of paragraph 8.

9. Deny the allegations of paragraph 9.

10. Deny the allegations of paragraph 10, except admit that Defendants undertook to act as Plaintiff's attorney pursuant to a written retainer agreement signed by Plaintiff on or about May 14, 2002.

11. Deny the allegations of paragraph 11.

12. Deny the allegations of paragraph 12, and refer to the trial transcripts from the underlying action for the substance of Adam Emmerich's testimony.

13. Deny the allegations of paragraph 13, except admit that no res ipsa loquitur charge was requested by counsel or furnished to the jury.

14. Deny the allegations of paragraph 14.

15. Deny the allegations of paragraph 15, and refer to the appellate briefs and the decision of the Appellate Division for the contents thereof.

16. Deny the allegations of paragraph 16, except admit that Defendants undertook to provide competent and proper representation to Plaintiff and that they did so.

17. Deny the allegations of paragraph 17.

18. Deny the allegations of paragraph 18.

19. Deny the allegations of paragraph 19.

20. Deny the allegations of paragraph 20.

21. Deny the allegations of paragraph 21.

## JURISDICTION

22. Admit the allegations of paragraph 22.

23. Admit the allegations of the second paragraph 22.

24. Answering the allegations of paragraph 23, admit that Plaintiff purports to seek damages in excess of $75,000.

## FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

26. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

27. Any damages allegedly suffered by Plaintiff was not due to any failure of Defendants to represent their client's interests properly under applicable legal standards.

## FOURTH AFFIRMATIVE DEFENSE

28. The damages allegedly suffered were caused in whole or in part, or were exacerbated by, Plaintiff's own negligence and/or culpable conduct, and, accordingly, Plaintiff's claim is therefore barred or diminished in the proportion that such negligence and culpable conduct bears to the total culpable conduct causing the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

29. Any damages allegedly suffered by Plaintiff result from, and were proximately caused by, the acts or omissions of third parties over whom defendants had no control.

### SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by reason of Plaintiff's active direction, consent, approval and ratification of Defendants' activities.

### SEVENTH AFFIRMATIVE DEFENSE

31. To the extent Plaintiff claims any error of judgment on Defendants' part (which alleged error is explicitly denied), such alleged error of judgment is not actionable, and the Complaint therefore fails to state a cause of action.

### EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff sustained no damages as a result of Defendants' allegedly actionable conduct.

### NINTH AFFIRMATIVE DEFENSE

33. Plaintiff is estopped to assert the instant claims.

### TENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claim is precluded in whole or part to the extent he failed to mitigate damages, assuming he had any damages.

### ELEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff is guilty of laches in commencing and/or prosecuting the instant claims.

## TWELFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claim is barred in whole or part by his unclean hands, acquiescence, waiver and/or ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff lacks standing to assert the claim for relief asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE, FIRST COUNTERCLAIM AND SET-OFF

38. Plaintiff entered into an agreement with Defendants, under which he agreed to pay for legal services rendered by Defendants.

39. Defendants have performed all of their obligations pursuant to the parties' agreement.

40. Plaintiff has failed to perform his obligations under the agreement by failing and refusing to pay for the legal services rendered.

41. By virtue of Plaintiff's breach of the agreement, Defendants have been directly and proximately damaged in an amount to be determined at trial but in no event less than $3,043.54, with interest from July 21, 2006.

## FIFTEENTH AFFIRMATIVE DEFENSE, SECOND COUNTERCLAIM AND SET-OFF

42. Repeat and reallege each and every allegation of paragraphs 38 through 41 as if fully set forth herein.

43. Defendants issued statements of services rendered on behalf of Plaintiff and sent the statements to Plaintiff.

44. The statements were received and retained by Plaintiff, without objection.

45. Plaintiff requested and directed Defendants to continue providing legal services while promising to pay for the services to be rendered.

46. Despite having received and retained Defendant's invoices, Plaintiff has failed and refused to pay same.

47. The statements submitted on a regular basis and retained without protest, constitute an account stated for which Plaintiff is indebted to Defendants in the amount of $3,043.54.

48. The total billings by Defendants to Plaintiff at issue herein for which payment has not been made are $3,043.54.

49. Defendants are entitled to judgment in the amount of $3,043.54 with interest from July 21, 2006.

## SIXTEENTH AFFIRMATIVE DEFENSE, THIRD COUNTERCLAIM AND SET-OFF

50. Repeat and reallege each and every allegation of paragraphs 38 through 49 as if fully set forth herein.

51. As Plaintiff has received the legal services, as set forth above, without compensating Defendants, he has received substantial benefit to the detriment of Defendants, and has been unjustly enriched in the amount of $3,043.54.

52. Defendants have suffered damages in an amount equal to, and are entitled to restitution in an amount equal to, such unjust enrichment.

53. Defendants have no adequate remedy at law.

WHEREFORE, Defendants demands judgment as follows:

(a) Dismissing the Complaint with prejudice;

(b) On Defendants' First Counterclaim, for breach of contract, awarding them $3,043.54 plus interest accrued and accruing.

(c) On Defendants' Second Counterclaim, for account stated, awarding them $3,043.54 plus interest accrued and accruing.

(d) On Defendants' Third Counterclaim, for unjust enrichment, $3,043.54 plus interest accrued and accruing.

(e) Awarding Defendants the costs and disbursements of this action including reasonable attorneys' fees; and

  (f)  Granting such other or further relief as is just and proper under the circumstances.

Dated: New York, New York
   January 31, 2008

               **LEWIS BRISBOIS BISGAARD & SMITH LLP**

               By: _____
                 Peter T. Shapiro (PS 9692)
                 Attorneys for Defendants
                 199 Water Street
                 New York, New York 10038
                 212-232-1300

To: STEVEN R. KRAWITZ, LLC
   Attorneys for Plaintiff
   271 Madison Avenue, Suite 200
   New York, NY 10016
   212-682-0707

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on January 31, 2008, he caused the within Answer to be served upon the attorneys for plaintiff at the address set forth above by first class mail and to served and filed with the Court via ECF.

Peter T. Shapiro (PS 9692)