UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No: 07 CV 10679 (JK)

RICHARD S. KEOSEIAN,

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

HEIMERL LAW FIRM and WOLFGANG HEIMERL,

Defendants.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, STEPHEN R. KRAWITZ, LLC, complaining of the

defendants alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF RICHARD S. KEOSEIAN

1.      Upon information and belief, at all the dates and times hereinafter mentioned,

defendant HEIMERL LAW FIRM, was and is a law firm, duly licensed to practice law pursuant

to the laws of the State of New York and maintains offices for practice of law at 1 Anderson

Road, Suite 105, Bernardsville, New Jersey 07924.

2.      Upon information and belief, at all the dates and times hereinafter mentioned,

defendant WOLFGANG HEIMERL was and is duly licensed to practice as an attorney and

counselor at law under the laws of the State of New York and maintained offices for practice of

his profession at 1 Anderson Road, Suite 105, Bernardsville, New Jersey 07924.

3.      Plaintiff, at all times mentioned herein, was and is a resident of the County of

New York, City and State of New York.

4.      The objective of the underlying lawsuit wherein the defendants represented the

plaintiff as his counsel, was to recover property damage and other related expenses flowing from the total destruction of a proprietary product prototype/invention owned by the plaintiff. The prototype was a disposable barrier sheet material with extensive applications in the consumer and institutional markets for body waste management products such as flushable bed pan liners and adult and baby diapers.

5.      The plaintiff's prototype was the subject of a corporation (RSK Disposables Inc.) and business plan, whose destruction by the defendants in the underlying action as a result of negligence necessitates assembling  manufacturing and management team to reconstitute the product at great cost and expense.

6.      The underlying action was also brought for loss of sales and future business expenses supported by plaintiff's testimony and an expert in the field of marketing, manufacturing and distribution of similar processes and technologies.

7.      The underlying action arose from a series of water leaks and an eventual flood from the underlying defendant Adam Emmerich's apartment which was located above the plaintiff's apartment and outside storage closet located at 171 West 71st, New York, NY. Plaintiff's property was damaged beyond repair through a series of water leaks coming through areas of the apartment proper, as well as the closet/vault outside the apartment proper.

8.      The closet/vault belongs to plaintiff and is accessible by a common hallway adjacent to Unit 10-E.

9.      The plaintiff consulted with and retained the services of the defendants as attorneys for the purpose of commencing an action against Adam Emmerich and  171 West 71 Street CORP., and any other party that was responsible for plaintiff to suffer from their

10.     The defendants accepted the professional responsibility to prosecute the action as attorneys for the plaintiff in a proper, skillful, timely and diligent manner.

11.     The defendants inexcusably and negligently failed to properly conduct discovery and serve and/or file a Summons and/or Complaint upon the company and/or individuals who initially and improperly installed the air conditioning unit in Adam Emmerich's apartment.

12.     At the trial of the action in Supreme Court, New York County the underlying defendant Emmerich admitted the water leaking into Richard Keoseian's apartment was from his air conditioning unit.  Mr. Emmerich further admitted that there must have been something wrong with the air conditioning unit to have permitted the water to leak into Mr. Keoseian's premises.

13.     Defendants herein, counsel for Richard Keoseian at the underlying trial failed to request a *res ipsa loquitur* charge, and further failed to object when the trial court did not include a *res ipsa loquitur* charge when charging the jury.

14.     As a direct and proximate result of the defendants' legal malpractice and failure to properly represent the plaintiff, the underlying defendant Emmerich was awarded a jury verdict on the underlying negligence claim without even getting to the issue of damages.

15.     Thereafter, plaintiff Keoseian undertook an appeal of the jury verdict to the Appellate Divsion, First Judicial Department.  The primary issue raised on appeal was the failure to charge *res ipsa loquitur* based on the undisputed facts of the underlying case. The Appellate Division affirmed the trial court and the jury below and found the issue of failure to charge *res ipsa loquitur* unpreserved for appeal by plaintiff's counsel.

The defendants accepted the retainer and undertook to prosecute the action of the plaintiff in a proper, skillful and diligent manner as attorneys for plaintiff.

17.     Had defendants tried the action against the underlying defendants in a proper, skillful and diligent manner they could have obtained a verdict against the responsible parties.

18.     That upon information and belief, the defendants negligently, improperly and unskillfully handled the case and  failed to properly investigate and prosecute the action by failing to include an indispensable party in the action.

19.     That by reason of the foregoing negligence of the defendants, the plaintiff herein is forever barred from commencing another action against the responsible party.

20.     The failure to request the trial court to properly charge the jury with a *res ipsa loquitur* charge  was due solely to the negligence of the defendants as attorneys.

21.     That as a result of the aforesaid negligence, incompetence and legal malpractice on the part of the defendants, plaintiff RICHARD S. KEOSEIAN has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## JURISDICTION

22.     There is complete diversity of citizenship between the plaintiffs and defendant.

22.     The action is brought pursuant to 28 U.S.C. §1332 (1), therefore jurisdiction and venue are proper.  The action was initially commenced in New York State Supreme Court, New York County was removed to United States District Court, Southern District of New York by the defendants herein.

23.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

WHEREFORE,  plaintiff demands judgment against the defendants for a sum in excess o

the minimum jurisdictional limits of this Court, together with interest and the costs and

disbursements of this action.

Dated:      New York, NY
             January 8, 2008

Yours, etc.,

STEPHEN R. KRAWITZ, LLC
By: Stephen R. Krawitz, Esq. (8870SRK)
Attorneys for Plaintiff
271 Madison Avenue, Suite 200
New York,  New York 10016
(212) 682-0707

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Docket No: 07 CV 10679 (JK)

RICHARD S. KEOSEIAN,

                                    Plaintiff,

                                                                **VERIFICATION**

        -against-

HEIMERL LAW FIRM and WOLFGANG HEIMERL,

                                    Defendants.
-----------------------------------------------------------------X

        RICHARD S. KEOSEIAN, being duly sworn, hereby deposes and says: that I am

the individual plaintiff herein, that I have read the foregoing Complaint and know the contents

thereof; that the same are true to my knowledge, except as to those matters stated upon

information and belief, and as to those matters I believe them to be true.

                                                    _____
                                                         RICHARD S. KEOSEIAN

Sworn to before me this
*14* th day of January, 2008

_____
Notary Public

                        STEPHEN R. KRAWITZ
                    Notary Public, State of New York
                            No. 4815455
                      Qualified in New York County
                  Commission Expires November 30, 20_10_